Ex parte Félix Nieves Pelullera, Petitioner and Appellant; Heirs of José Ayala Falcón, Respondents and Appellees.

No. 9198. Argued December 27, 1945.—Decided February 13, 1946.

*Luis Mendín Sabat* for appellant.   *J. Calasanz Rivera* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the court·

Félix Nieves Pelullera instituted, in the District Court of Caguas, a proceeding to establish a dominion title to a rural property containing 48 acres (*cuerdas*) of land, and alleged that he had acquired the same on January 29, 1941, by purchase from the People of Puerto Rico at a public sale for the collection of taxes owed by José Ayala Falcón, who had held possession thereof in good faith, with just title, peaceably, and uninterruptedly since 1896.

José Ayala Falcón and his wife María Nieves Falcón, former owners of the property, having died, their heirs appeared and opposed the declaration of ownership sought on the ground that, although it was true that the property had been sold at public auction by the Collector of Internal Revenue of Aguas Buenas and awarded to the petitioner, all this was done pursuant to an agreement between the petitioner and María Nieves Falcón, predecessor in interest of the respondents, whereby the former would deliver to the latter the sum of $25 in cash in order to complete the necessary amount to obtain the award of the property and the petitioner would plant two and one-half acres in tobacco for the 1940–41 crop, with the understanding that 25 per cent of the proceeds of said crop would belong to said María Nieves Falcón, and the petitioner would retain out of that share the sum which he had furnished for bidding at the public sale, plus interest

thereon at the legal rate, in order to redeem the property for the benefit of said predecessor in interest and of the heirs of her husband, José Ayala Falcón; that the petitioner planted and harvested the tobacco and, according to the agreement, María Nieves Falcón became entitled to the sum of $96 out of the proceeds of the tobacco, which sum the petitioner appropriated to his own use as a reimbursement of the money supplied by him for the purchase of the property at the public sale and for the payment of future taxes; and that notwithstanding this and the demands made upon him, he had refused to transfer the property to the respondents, that is, the successors in interest of María Nieves Falcón and José Ayala Falcón. The respondents further alleged that the petitioner had never held possession of said property as owner nor has possessed it under a just title, quietly, openly, peaceably, and uninterruptedly for any length of time during the last fifty years but has sought to appropriate the same to his own use fraudulently.

Against the opposing pleading, as amended, the petitioner directed two motions, to wit: one, seeking that the same be stricken out on the ground that the allegations therein were irrelevant and redundant; and another motion praying for a judgment on the pleadings. The parties were heard on both motions, which the court overruled.

After the evidence offered by the litigants was introduced, the court on March 29, 1945, rendered judgment denying the petition in the dominion title proceeding, and adjudged the petitioner to pay costs but without including attorney's fees.

An appeal has been taken from said judgment by the petitioner, who urges that the lower court committed the two errors which we will discuss presently.

As a first ground of appeal, the appellant maintains that the pleading in opposition should have been stricken out as the allegations thereof were irrelevant and redundant, and further, that the lower court erred in not rendering judgment

on the pleadings, inasmuch as said pleading in opposition lacked sufficient merit to support the claims of the respondents.

An allegation is irrelevant and redundant when it is extraneous and has no substantial relation to the facts in controversy between the contending parties A slight reading of the allegations of the petition and of the pleading in opposition leads us to the conclusion that the allegations set up by the respondents are not irrelevant or redundant, since they controvert the facts on which the petitioner relies for the relief sought by him.

▇ A judgment on the pleadings is proper only where a denial of the essential facts of the petition or complaint does not appear from the responsive pleading; in other words, there should be the assertion of a fact and a total absence of a denial thereof. A denial of an essential fact of a complaint will suffice to preclude the granting of a judgment on the pleadings. In the instant case, the opposing pleading controverted the essential facts of the petition. The lower court therefore did not err in refusing to render judgment on the pleadings. See Sutherland on Code Pleading, Practice and Forms (1910 ed.), vol. I, p. 931 *et seq.*, § 1447.

▇ The appellant in his second assignment of error urges that the lower court erred in finding that the respondents had been in possession as owners of a portion of the property involved in the dominion title proceeding.

The judgment of the lower court is based on the following findings:

"From the evidence introduced we find that the property described in the petition belonged to José Ayala Falcón and his wife María Nieves Falcón, the possession thereof being recorded in the names of said spouses in the Registry of Property of Caguas, at p. 181, vol. 31 of Aguas Buenas.

"After the death of the husband and while his wife María Nieves Falcón was still living, the People of Puerto Rico proceeded to sell at public auction said property for the collection of $54.56 owed

for land taxes, and the petitioner Félix Nieves Pelullera acquired said property at the public auction held, a certificate of purchase having been issued in his favor. Genara Ayala Nieves, the first wife of Félix Nieves Pelullera, was a daughter of José Ayala Falcón and María Nieves Falcón, and there are children born out of the marriage of the petitioner with his first wife.

"It is an established fact that the petitioner never held the material possession of the whole property but only of a part thereof, and that the respondents had been in actual possession of the remaining portion of the property since the death of José Ayala Falcón and are still in possession thereof. The petitioner himself so stated in his testimony when he said that the respondents had been 'working and farming on the property and I have not opposed it because they had told me that they had a right thereto.'

"It has been further proved that the respondents have held actual possession of a part of the property as owners, and evidence, including that of the petitioner himself, has been introduced to show specific acts of ownership performed by the respondent (see testimony of Zenón Falcón Ayala, the witness for the petitioner) ; apart from the fact that the evidence for the respondents on those particulars is convincing."

The evidence introduced by the respondents in the dominion title proceeding established beyond question, that they had been and still are in actual possession of a part of the property in controversy; whereas the petitioner failed to prove that he was in actual possession of the whole of the property prior to the filing of his petition for a declaration of ownership. In other words, he failed to prove in a satisfactory way that he had occupied or held the material possession of the whole property but only of a part thereof, or that he had possessed it in its entirety as owner or otherwise, openly, peaceably, and without any opposition or interruption during the limitation period established by law. Under these circumstances, application should be made of the doctrine laid down by this court in the cases of *Martínez* v. *Colón*, 35 P.R.R. 689, and *Robles* v. *Pellot*, 44 P.R.R. 46, where it was held that whether or not a petitioner in a proceeding to establish ownership has titles founded on prescription arising in

him or his predecessors in interest, he must be in actual possession of the land prior to the filing of the petition.

For the reasons stated the judgment appealed from should be affirmed.